Riney vs. Vanlandingham.

RINEY vs. VANLANDINGHAM.

1. In an action for malicious prosecution, the testimony of defendant before the officer is not admissible, unless it appear that the facts testified to were known to the defendant alone.

2. The declarations of a party not made under oath are not admissible to corroborate his evidence given on oath.

3. Malice, as well as want of probable cause, is necessary to sustain an action for malicious prosecution.

4. It is the duty of the plaintiff in error to shew by his bill of exceptions the errors of the inferior court. The presumption is in favor of the judgment of that court.

## ERROR to Scotland Circuit Court.

CARTY WELLS, for Plaintiff.

1. The evidence was not sufficient to prove either malice or want of probable cause. The weight of evidence is decidedly the other way; therefore a new trial should have been granted.

2. Plaintiff's own statement to Hickman, Riney not being present, was illegal evidence. He could not in that way make evidence for himself.

3. Riney's evidence before the justice ought to have been admitted. The question was not what Vanlandingham swore, but whether what he swore was true. If the two Andersons and Rice were not present at the alleged conversation, then no one was present but plaintiff and defendant; and if so, from policy, and for his own protection, Riney's evidence before the justice ought to have been received.

If these persons were present, then the statement of Vanlandingham is untrue, and the case was not made out. The statement of R. to V. that, "what he had sworn was true, or that he had went it like a man," was evidently ironical, and intended as a censure. R. immediately had him arrested.

4. The first instruction given for the plaintiff below is erroneous for two reasons: 1st. It goes on the ground that perjury was the charge made by Riney against V., whereas neither the declaration or the evidence show any such charge as perjury. The words spoken are not shown to have been at all material to the issue. Indeed it is no where shown, either in pleading or evidence, what the issue between Lowen and Riney was. The instruction, therefore, was wholly irrelevant. 2nd. It assumes that want of probable cause is sufficient to maintain

the action. This is not the law. Although malice may be inferred from "want of probable cause," still it must be proven as a fact. The first instruction assumes a contrary position.

5. The second and third instructions taken together, are exceedingly erroneous. Here the court weighs the evidence for the jury, and tells them how much evidence is sufficient. The court says in substance, "the discharge almost proves the plaintiff's case. A very little more evidence is enough." 1st. A discharge does not always raise the presumption of innocence; it depends on circumstances, and in this case the circumstances were the other way; and 2nd. It is the province of the jury, and not of the court, to weigh evidence, and to decide how much is sufficient. The terms "very slight evidence," are too indefinite for a court to use before a jury. Who can tell how much "very slight" evidence is ?

6. The fourth and fifth instructions are still on perjury, and are as before shown irrelevant.

7. If the instructions asked by defendant were given, they are utterly inconsistent with those given at the instance of the plaintiff, and this is error. The jury could not know which to regard ; one set requires the proof of both malice and want of probable cause; the other set requires only want of probable cause. If not given, it was error to refuse them ; they are clearly legal.

8. But in addition to the above points, plaintiff insists that Riney's affidavit charged no crime, and that no warrant should have been issued. The affidavit containing no charge of crime, the justice had no authority to issue his warrant. Is Riney blamed for the unlawful act of the justice ?

The declaration contains no cause of action. Can a verdict and judgment on such a declaration be sustained ?

GLOVER & CAMPBELL, for Defendant.

The testimony was conflicting. The jury might well have given the verdict, and it is against the practice of the court to disturb it ; 6 Mo. Rep. 61.

The defendant, in an action of this sort, is never allowed to introduce his own testimony on the trial of the prosecution, except when no other person was present at the commission of the alleged offence; here the offence was charged to have been committed at the court house, in the presence of many persons ; 2 Mo. Rep. p. 181 ; 6 ib. p. 41; 4 Phillips Ev. p. 259.

The court committed no error in instructing the jury, that the discharge of the plaintiff by the justice was a circumstance tending to show the want of probable cause, and that slight evidence in addition thereto would be required of the plaintiff in the absence of all repellant testimony on the part of the defendant; 8 Mo. Rep. 342.

Where there has been no probable cause for the prosecution, express malice need not be shown. In such case the law presumes malice; 8 Mo. Rep. 342; 2 Tuck. Com. 64; 4 Lit. 335; 1 Marsh. R. 224. The defendant's affidavit could not be evidence for him. The law compels the plaintiff to introduce it; he can in no other way prove the prosecution. We have just seen that the testimony of the defendant, even where the plaintiff has cross examined, cannot be evidence against the plaintiff; and if not, upon what principle could his ex-parte affidavit come in?

NAPTON, J., delivered the opinion of the court.

Vanlandingham brought his action against Riney for a malicious prosecution, and obtained a verdict and judgment.

The ground work of this action originated in a suit between Riney and one Lowen, in which suit Lowen was the plaintiff. Upon the trial of this suit of Lowen vs. Riney, Vanlandingham was examined as a witness, and testified that Riney, shortly after the affray between him and Lowen, had said to him: "*Bill*, I have whipped the old stud; I have whipped him like damnation," meaning thereby that said Riney had whipped said Lowen. This conversation Vanlandingham said took place at the house of Elijah Anderson, in the presence of said Elijah, and Willis Anderson, and Plim. Rice. Shortly after this trial, Riney made affidavit before a justice of the peace, charging Vanlandingham with perjury in making this statement. A warrant was issued, and Vanlandingham was arrested. An investigation took place, and Vanlandingham was discharged.

For the proceeding on the part of Riney, the present action was brought.

On the trial, the plaintiff proved the proceedings before the magistrate—the affidavit, warrant, arrest and acquital; and further proved that Riney had boasted of having *whipped* Lowen to others, in language very similar to that attributed to him by Vanlandingham. The plaintiff also proved that Riney was present at the trial, and after hearing Vanlandingham's evidence, had observed to a bystander that "Vanlanding-

ham had sworn to the truth, *or* had went it like a man ;" and the witness did not think the remark *ironical.*

The defendant proved by Elijah Anderson, that he (Anderson) did not hear any such conversation between Vanlandinghim and Riney, as Vanlandingham had testified to ; and that they were not very friendly. The same statement was made by W. Anderson ; P. Rice, it was proved, had died before the trial.

Defendant also proposed to use as evidence his own statements made before the examining magistrate ; but this was denied, and exceptions were taken.

The plaintiff in rebuttal then proved that Vanlandingham had made to a witness, just before the trial, the same statement he made on oath at the trial, in almost the same language ; and that Vanlandingham had desired witness not to mention it, as he (V.) did not wish to be a witness, on account of the unfriendly feeling existing between him and Riney. This testimony was objected to ; but it was admitted and no exceptions were taken.

The court, at the instance of the plaintiff, gave the following instructions to the jury.

1. That if the jury believe from the evidence in the cause that the defendant caused the plaintiff to be arrested on the charge of perjury, without having probable cause of the plaintiffs being guilty of wilful and corrupt perjury, that they should find a verdict for the plaintiff.

2. That the discharge of the plaintiff by the justice who examined the charge against him, is one circumstance tending to prove the want of probable cause for the arrest and prosecution.

3. That slight evidence on the part of the plaintiff to prove want of probable cause for the arrest of the plaintiff, after his acquittal, is sufficient, unless rebutted by evidence on the part of the defendant.

4. That if the jury believe from the evidence, that the defendant had not *probable cause* for the arrest of plaintiff on the charge of *perjury*, that in that case no express *malice* need be proved by the plaintiff, to entitle him to a verdict.

5. That if the jury believe from the evidence that if the defendant had not *probable cause* for charging and arresting the plaintiff for perjury, that they should find for the plaintiff, and assess such damages as they may think from the evidence the plaintiff has sustained from the prosecution, either to his person, his feelings, his property or his character.

That the affidavit of Riney before the justice of the peace, is not evidence for Riney in this cause, and cannot be taken into consideration by the jury in making up their verdict.

Riney vs. Vanlandingham.

The following instructions were asked by the defendant, to the giving of which objections were made :

1. That in this case, it is not necessary to prove perjury of plaintiff, and if there was any probable cause for the prosecution, they must find for the defendant.

2. That plaintiff must prove both *malice* in defendant, and also want of *probable cause* for the prosecution.

3. That the acquittal by justice is not sufficient in itself to show the want of probable cause.

The motion for a new trial, in addition to the usual grounds, distinctly relied on the following points : The instructions given in behalf of plaintiff ; the admission of the warrant issued by the justice ; and the admission of Vanlandingham's statements to sustain his oath ; and the rejection of Riney's affidavit, and oral testimony before the justice, as evidence in Riney's favor.

The motion was overruled, and the cause comes here by writ of error.

One of the principal objections insisted on, to the action of the circuit court, is the exclusion of Riney's testimony before the magistrate as evidence in his favor. In this, the decision of the circuit court was conformable to the opinion of this court in the case of Hickam vs. Griffin, 6 Mo. R. 41. The rule as there stated, with its qualifications, appears to be sustained by Phillips, (1 Phil. Ev. p. 71,) and Starkie, (2 Stark. p. 681,) and Greenleaf, (Green. Ev. 398.) The rule seems to have been adopted without qualification by the supreme court of Tennessee, in the cases of Moody vs. Purden, 2 Hay. 29, and Scott vs. Wilson, Cooke 315. Upon what grounds this opinion was based, and under what circumstances the evidence was admitted, we are not apprised, those reports not being accessible. The case now under consideration does not come within the reason of the rule, stated by Lord Holt in Johnson vs. Browing, 6 Mod. R. 216, nor is it affected by the opinion of this court in the case of Hayes vs. Waller, 2 Mo. R. 222. In this last case, there was a charge of hog stealing, and no one but the prosecutor was present when the offence was committed; his testimony before the magistrate was therefore admitted to show want of probable cause, *ex necessitate rei*. Here the statement of Riney was made, as Vanlandingham testified, in the presence of three witnesses, two of whom the defendant examined, and the third was dead. The two witnesses examined said they had heard no such statement by Riney, and if the jury believe these witnesses, it would seem that a probable cause was made out; and the testimony of the defendant would have added no weight to the case.

The testimony in relation to Vanlandingham's statements not under oath, corroborative of his statement on the trial of the case of Lowen vs. Riney, was inadmissable.

It is well settled in England, that what a witness said not upon oath, is inadmissible to confirm what he has said under oath; Rex. vs. Parker, 3 Doug. 242. In the case cited, Buller, J., denied the doctrine of Luthrell vs. Reynell, 1 Mod. 283, and the authority of Hawkins, (2 Hawk. P. C. 431,) who had maintained the competency of such proof. In accordance with this decision of Buller, which he also asserts in his treatise, (Buller's Nisi P. 249,) is the opinion of Starkie, Phillips, and Greenleaf. Starkie says, "that the witness having given a contrary account, although not upon oath, necessarily impeaches either his veracity or his memory; but his having asserted the same thing does not in general carry his credibility further than, nor so far as, his oath." In Greenleaf's Evidence the same doctrine is stated: "Evidence that the witness has on other occasions made statements similar to what he has testified in the cause is not admissible, unless, where a design to misrepresent is charged upon the witness, in consequence of his relation to the party, or the cause; in which case, it seems, it may be proper to show, that he made a similar statement before that relation existed." Greenleaf's Ev. p. 521.

In relation to this sort of evidence, Phillips makes the following pertinent remarks : "It may be observed on this kind of evidence in general, that a representation without oath, can scarcely be considered as any confirmation of a statement upon oath. It is the oath that confirms, and the bare assertion that requires confirmation. The probability is, that in almost every case the witness who swears to certain facts at the trial, has been heard to assert the same facts before the trial; and it is not so much in support of his character that he has given the same account, as it would be to his discredit that he should ever have made one different. If a witness has made a statement a hundred times in one way, and a hundred times another way, directly contrary, the only inference is, that he is utterly destitute of credit." 1 Ph. Ev. 308.

There are, it is true, very respectable authoriries which maintain the admissibility of such testimony. People vs. Vane, 12 Wend. 79; McNally's Ev. 378; Cooke v. Curtis, 2 Harr. & M. H. 93; 1 Serg. & Rawle, 536; 2 Wash. R. 148; 1 Peter's C. C. R. 203. But we are disposed to consider the doctrine of the elementary writers, above referred to, as the correct and safe rule. Testimony of this character is very easily

manufactured, and it is especially objectionable in a case like this, when it is made *post litem motam.*

But the defendant acquiesced in the decision of the circuit court, and it is therefore an error which this court cannot correct.

As to the instructions to the jury, the bill of exceptions does not show what instructions were given. It is stated that those asked by the plaintiff were given, but it does not appear whether those asked by the defendant were given or not. If the instructions given at the instance of the plaintiff were clearly illegal, this defect in the bill of exceptions would not prejudice the defendant's right to a reversal of the judgment. But the only substantial objection to these instructions is, that they do not seem to apprize the jury, with sufficient distinctness, of the necessity of finding malice, in order to a recovery by the plaintiff. This perhaps, is inferrable from the fourth instruction. But malice, as well as want of probable cause, is essential to maintain an action for malicious prosecution, and this the defendant had a right to have placed before the jury, with such clearness that they should not be misled. Had the plaintiff's instructions alone been given, the defendant would have a just cause of complaint, but the most natural construction of the bill of exceptions is, that the defendant's instructions were also given, and if so there could be no objections on this ground. It devolves on the plaintiff in error to show that the court erred; the presumption is in favor of the legality of the judgment, and if any doubts arise from the obscurity of the case stated, the defendant in error has the benefit of them.

The judgment of the circuit court will therefore be affirmed.