ELLEN E. WYNNE, Appellant, v. WAGONER UNDERTAKING COMPANY.

Division Two, June 3, 1918.

1. **MOTION FOR NEW TRIAL: General Assignment: Instructions.** An assignment in the motion for a new trial that "the court misdirected the jury as to the law of the case" is entirely too general to authorize a review of the instructions.

2. ———: ———: **Pieced Out by Inference.** The court will not interpolate words in the motion for a new trial except in case of evident inadvertent omission. It will not piece out the motion by adding words thereto.

274 Mo.—38.

3. ————: **Complaint of Non-Appearing Instructions.** If the motion for a new trial complains of instructions designated as being of certain numbers, and no instructions bearing those numbers appear in the record, a review of them is impossible.

4. **NEGLIGENCE: Humanitarian Doctrine: Instruction.** The fundamental principle of the humanitarian doctrine is the failure of the alleged wrong-doer to exercise ordinary care to avoid injury when the peril of the injured party has been discovered or by the exercise of ordinary care might have been discovered. Therefore, where plaintiff had stepped off of the curb and had taken one or two steps into the street when she was struck by defendant's automobile, being driven at a speed of eight miles per hour, and the evidence was that it would have been impossible to change the course of the machine after her peril was or might by ordinary care have been discovered in time to avoid striking her, the court committed no error in withdrawing from the jury, by the instructions, a consideration of that doctrine.

5. **INSTRUCTION: No Evidence to Support Issue: Withdrawal.** If there is no evidence to support an allegation of the petition it is not error to withdraw it from the jury, by the instructions.

Appeal from St. Louis Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED.

*Frank C. O'Malley* for appellant.

(1) Instruction 1 given for defendant is an unnecessary comment on the evidence, injects an issue not pleaded in defendant's answer, ignores the issue of the last-chance doctrine and is in direct conflict with the instructions given for the plaintiff. Aronson v. Ricker, 185 Mo. App. 529; Ostermeier v. Implement Company, 255 Mo. 128; Crossin v. Chicago Great Western Ry. Co., 180 S. W. 454. (2) Instruction 2 given for defendant is in conflict with the instructions given for the plaintiff, ignores the last-chance doctrine and imposes the duty on plaintiff to absolutely protect herself and the absolute duty to see approaching vehicles when under the law she was only obliged to use ordinary care. Carradine v. Ford, 195 Mo. App. 684; Groom v. Cavanagh, 97

Mo. App. 362; Bongner v. Zeigenhein, 165 Mo. App. 342; Hodges v. Chambers, 171 Mo. App. 563. (3) Instruction 3 given by defendant ignores the issue of, the last-chance doctrine, is in conflict with the instructions given for plaintiff and ignores the duty cast upon defendant to use the highest degree of care under the circumstances. Cases cited above. (4) Instruction 4 given for the defendant was improper for the reason that there is no evidence to support it. There is no room for any accident theory in this case. The injury was the result of either the negligence of the defendant or the negligence of the plaintiff, or both. Zeis v. St. Louis Brewing Association, 205 Mo. 638; Beauvais v. St. Louis, 169 Mo. 500; Lagarce v. Mo. Pac. Ry. Co., 183 Mo. App. 70. (5) Instruction 1 given of the court's own motion should not have been given. There is nothing in the testimony to support the theory that any witness had committed perjury. Keeline v. Sealy, 257 Mo. 498.

*Arthur N. Sager, Robert E. Moloney* and *Paul U. Farley* for respondent.

(1) Assignment of error number 5 is not subject to review here, because the record shows no exception to the instruction complained of. Kolokas v. Mo. Pac., 223 Mo. 455; Berkbiegler v. Cape Girardeau & C. R. Co., 164 Mo. App. 441; Montague Compressed Air Co. v. City of Fulton, 166 Mo. App. 11; Smith v. Means, 170 Mo. App. 158; Budde v. United States Incandescent Light Co., 193 Mo. App. 157. (2) Assignments of error 1 to 4 are not subject to review here because errors, if any, in giving instructions are mere matters of exception only preserved when properly covered by motion for new trial by being specified therein in appropriate terms. The record shows this was not done. Jackson v. Bolt & Nut Co., 141 S. W. 1128; Montague Compressed Air Co. v. City of Fulton, 166 Mo. App. 11; K. C. Disinfectant & Mfg. Co. v. Bates Co., 273 Mo. 300. (3) The last-

chance rule is not available to plaintiff in this case because not pleaded in petition.     Knapp v. Dunham, 195 S. W. 1063.    (4) And proof fails to make case under this rule.    Keele v. Railroad, 258 Mo. 79; Dey v. Railroad, 140 Mo. App. 467; McGee v. Railroad, 214 Mo. 543.

WALKER, P. J.—This is an action for personal injuries alleged to have been received by plaintiff in having been run over by an automobile owned by defendant and in charge, at the time, of one of its servants engaged in the master's business.

Defendant is a corporation.

On February 20, 1912, plaintiff, a young woman about eighteen years of age, was *en route* to her home in St. Louis. The day was stormy and a heavy snow was falling. Plaintiff had reached the intersection of Vandeventer and Laclede Avenues, and was about to cross the latter, having made one or two steps from the curb for that purpose, when she was struck by defendant's automobile, which was running at the speed of about eight miles per hour.

In view of the disposition we are compelled to make of this case on account of the condition of the record, a fuller statement of the facts is not essential, except to refer to same in discussing the assignments of error, which will be done when necessary.

The errors complained of are confined to the instructions. Four of these, designated numerically, were given for the plaintiff; and six, numbered in like order, were given for the defendant. The court of its own motion gave two instructions; one, in regard to the credibility of witnesses, and the other as to a numerical verdict.

The motion for a new trial in regard to these instructions is as follows:

"7. The court misdirected the jury as to the law in the case. ·

"8. The court's instructions numbered 1, 2, 3 and 4 are wholly inconsistent with and contradictory

to the instructions numbered 5, 6, 7, 8, 9 and 10 and had a tendency to confuse and puzzle the jury.

"9.   The court improperly refused to give instructions asked for by the plaintiff as indicated in instructions numbered 7, 8, 9 and 10 in the group of instructions marked 'Refused by the Court.'

"10.   The court by the instructions expressly carried the case outside of the law, known as the 'humanitarian law,' while the pleadings call for the submission of the case on that theory.

."11.   Instruction number 5 given for and at the request of the defendant is framed on a theory of the defendant, which was not in any way supported by the evidence, and is in direct contravention of the rule under the 'humanitarian law.' "

The seventh ground of the motion is entirely too general to authorize a review of the instructions. In K. C. Disinf. & Mfg. Co. v. Bates Co., 273 Mo. 300, we held an assignment of error in a motion

Motion for New Trial. for a new trial insufficient which provided that: "The court refused proper declarations of law offered by plaintiff." In Wampler v. Railroad, 269 Mo. 464, 190 S. W. 908, in the principal and dissenting opinions, a review of the history of Section 1841, Revised Statutes 1909, will be found, which requires motions for new trials to specify the reasons on which they are based. This case seems, from its reasoning, to hold that a general statement in a motion for a new trial as to errors in instructions is sufficient, but it will be found that the motion in that case, while general in its terms, so far as ignoring the numbers of the instructions are concerned, is specific in referring to each and all of those to which objections are interposed, and therefore, it was not general in the sense in which such motions have been ruled insufficient in other cases; which is not the fact in the instant case. In Stid v. Railroad, 236 Mo. l. c. 397, the ground of the motion for a new trial as to the instructions was that "the court erred in giving each of the instructions given at the request

of the plaintiff." While this motion was in general terms, as in the Wampler case, it was specific, in regard to each instruction objected to. Its approval, therefore, was not in disregard of a reasonable compliance with Section 1841, supra; nor was it at variance with well-considered earlier or later cases. From all of which it is evident that the seventh ground of plaintiff's motion for a new trial does not authorize a review of the instructions.

If the eighth ground of the motion for a new trial is to be construed according to its words, it must be held to have reference to instructions given by the court on its own motion. We find, however, that no such instructions as are there designated were thus given. What was evidently meant was, that instructions numbered 1, 2, 3 and 4, given at the request of the plaintiff, were inconsistent, etc., with instructions numbered 5, 6, 7, 8, 9 and 10, given at the request of the defendant. Only six instructions, however, were given at the request of the defendant, and these are not in conflict with the four given at the request of the plaintiff. We are not required to interpolate words in a motion for a new trial except in cases of evident inadvertent omission. Our rulings on this subject have been exceedingly liberal, as indicated by the cases we have cited. Prompted by these rulings, we have endeavored to so construe the eighth ground of plaintiff's motion for a new trial as to preserve errors relative to the instructions, but we are unable to do so unless we piece out the motion by the addition of words not appearing therein. This would necessitate a resort to inference which would not comport with a review required to be confined to the record.

No such instructions are preserved in the record as are designated in the ninth ground of the motion for a new trial, namely, numbers 7, 8, 9 and 10, stated to have been "marked refused by the court." A consideration of same is, therefore, not possible.

The 10th ground of the motion for a new trial, is that defendant's instructions withdrew from the consideration of the jury the "humanitarian doctrine." The automobile was moving at about eight miles per hour in a heavy fall of snow. Plaintiff stepped off the curb and took one or two steps into the street when she was struck and injured. The driver saw her, but too late to avoid striking her by the exercise of ordinary care. He and the witness, who was in the machine with him, state that it would have been impossible to change the course of the machine after they saw the plaintiff, sufficiently to avoid striking her. This, on account of her stepping into the street almost immediately in front of the machine. This proof is not sufficient, therefore, to sustain a right of recovery under the "humanitarian doctrine," the governing principle of which is the failure of the alleged wrong-doer to exercise ordinary care to avoid injury when the peril of the injured party has been discovered, or which, by the exercise of ordinary care, might have been discovered. [Kellny v. Railroad, 101 Mo. 67; Meyers v. Railroad, 59 Mo. 223; Karle v. Railroad, 55 Mo. 476.]

The eleventh ground of plaintiff's motion for a new trial complains of an instruction given for defendant, which, it is alleged, withdraws from the consideration of the jury plaintiff's right to recover under one of the allegations of her petition charging the negligence of the defendant in having intrusted the use of the automobile to an incompetent person. There was no evidence upon which to base this contention. Aside from this, the assignment was not preserved in a manner to authorize a review of same.

From all of which it follows that the judgment of the trial court must be affirmed, and it is so ordered. All concur.