THE STATE ex rel. NORTH KANSAS CITY DEVELOPMENT COMPANY v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

Division One, June 2, 1920.

1. **INSTRUCTIONS: General Assignment.** An assignment in the motion for a new trial in a civil case that "the court erred in refusing instructions as requested by defendant" is sufficient for purposes of a review of such instructions on appeal.

2. ————: ————: **Contrary Ruling of Court of Appeals: Certiorari.** A ruling by the Court of Appeals that a general assignment in the motion for a new trial in a civil case that "the court erred in refusing instructions as requested, by defendant" is not sufficient to authorize a review of such instructions on defendant's appeal, is in conflict with the ruling of the Supreme Court in Wampler v. Railroad, 269 Mo. 464, which, being a prior ruling, necessitates the quashing of the record of the Court of Appeals on *certiorari.*

*Certiorari.*

RECORD QUASHED.

*Kenneth McC. DeWeese* for relator.

The opinion of the Court of Appeals is in conflict with and not in harmony with the opinions in Wampler v. Railroad, 269 Mo. 464, and State ex rel. v. Reynolds, 213 S. W. 782. The decision is in conflict with Lyman v. Dale, 262 Mo. 253, and Wendell v. Railroad, 160 Mo. App. 561.

*Ellis, Cook & Dietrich* and *Fred W. Lewis* for respondents.

(1) The opinion of the court is not in conflict with Lyman v. Dale, 262 Mo. 353. (2) The alleged error in refusing certain instructions is without merit as counsel for defendant has evidently overlooked the latest rulings of this court. The assignment of error in the motion for new trial was insufficient. Wynne v. Wagoner Undertaking Co., 274 Mo. 597; Cedarland v. Thompson, 200 Mo. App. 618; Probst v. St. Louis Basket & Box Co., 200 Mo. App. 568.

GRAVES, J.—*Certiorari* to the Kansas City Court of Appeals, which brings before us the opinion of that court in the case of Arch Roy, Respondent, v. North Kansas City Development Company, Appellant. That case originated in a justice of the peace court, and was an action for damages, growing out of the fact that plaintiff was kicked by a mule owned by defendant. For the purposes of this case the details of that case are immaterial. Suffice it to say that from the court of the justice of the peace, it got to the circuit court, and from there on the appeal of the defendant therein to the Kansas City Court of Appeals, where the judgment of the Circuit Court was affirmed in an opinion filed, which

opinion is now before us on the charge that it conflicts with our rulings.

At the trial in the circuit court certain instructions asked by defendant were refused, and their refusal urged as error in the Court of Appeals. As to this assignment of error, the Kansas City Court of Appeals, said:

"In addition to the foregoing, defendant has complained of the refusal of instructions offered by it. The motion for new trial is not sufficiently specific to permit such an examination of such complaint.

"It reads that 'the court erred in refusing instructions as requested by defendant.' The later rulings of the Supreme Court are that that will not do. [Disinfecting & Mfg. Co. v. Bates Co., 273 Mo. 300; Wynne v. Wagoner Undertaking Co., 204 S. W. 15; State v. Dinkelkamp, 207 S. W. 770-771.]"

It will be noted that the cases cited by the Kansas City Court of Appeals are all cases from Division Two of this court, and they are cited as being "the latter rulings of the Supreme Court." The question here involved was determined in Wampler v. Railroad, 269 Mo. 464, and determined adversely to the ruling of our learned brothers of the Court of Appeals. At the time the instant case was determined, the Wampler case, supra, was the last expression of the Supreme Court, because it was a ruling upon the exact point by the whole court, and not by a mere division thereof. This is made clear in the case of State ex rel. United Rys. Co. v. Reynolds, 213 S. W. 782. This is another expression of our Court in Banc, as was Wampler's case. This ruling was made the very day that the writ of *certiorari* was granted in the instant case. It forced the granting of our writ. The same question had been just previously determined in Kilpatrick v. Robert, 212 S. W. 1. c. 886. In that case the ruling in Wampler's case was specifically approved and followed by all of Division One of this court. The question is not an open question here, and has not been since the Wampler case, and the opinion of our learned brothers not only conflicts with Wampler's case, but with the other two

rulings mentioned, supra. The result is that the record of the Court of Appeals should be quashed, and it is so ordered. All concur, except *Woodson, J.*, absent.