NORA HILL, RESPONDENT, v. C. M. JACKSON, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Appeal and Error—Appellate Practice. An appellate court is not the judge of the weight of the evidence, that province being for the trier or triers of the facts.

2.—Evidence—Expert Testimony—Evidence of Plaintiff that Her Jaw was Dislocated by Treatment Held Competent. In action against dentist for malpractice based on dislocation of jaw, plaintiff could testify that her jaw was dislocated, such testimony being in the nature of the statement of a fact within the knowledge of the witness, and not a mere conclusion or testimony as to which only an expert could testify.

3.—Appeal and Error—Appellate Practice—Refusal to Permit Interrogation of Jury—No Remedy on Appeal. Court's refusal to permit interrogation of jury as to newspaper articles stating amounts of verdicts on previous trials of the case was not available on appeal, notwithstanding affidavits of jurors that the articles were discussed during deliberations of the jury; the remedy in such cases being exclusively in the lower court.

4.—New Trial—Jurors—Cannot Impeach Their Verdict by Affidavit. Affidavits of jurors are not competent to impeach their verdict.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 829, n. 35 New; p. 844, n. 66; Evidence, 22CJ, p. 534, n. 72 New; New Trial, 29Cyc, p. 983, n. 5.

Appeal from the Circuit Court of Jasper County.—Hon. Grant Emerson, Judge.

AFFIRMED.

*Ewing & Ewing* and *Haywood Scott* for appellant.

(1) A dentist or physician, in treating a patient, is required only to exercise that degree of skill and learning ordinarily possessed and exercised by members of his profession in good standing, practicing in similar localities, and to use reasonable care and diligence in the exercise of his skill and the application of his learning and to act according to his best judgment. Krinard v. Westerman, 279 Mo. 680, 216 S. W. 941, 942; Sewald v. Gentry, 220 Mo. App. 367; Pate v. Dumbauld, 298 Mo. 435, 250 S. W. 49; Spain v. Burch, 169 Mo. App. 94, 154 S. W. 172. (2) Results following dental treatment afford no inference of negligence, nor is such result evidence of any lack of care or skill on the part of the dentist. There must be a causal connection amounting to negligence between accident and injury. Spain v. Burch, 169 Mo. App. 107; Wilt v. McCallum, 253

S. W. 156 (Mo. App.); Cardinale v. Kemp (Mo. Sup., July 1, 1925), 274 S. W. 448. (3) In an action of alleged malpractice against a dentist the maxim of *"res ipsa loquitur"* has no application and plaintiff cannot make a submissible case by reliance thereon. Hill v. Jackson (Mo. App.), 265 S. W. 861; Pate v. Dumbauld (Mo. Sup.), 250 S. W. 49; Wilt v. McCallum (Mo. App.), 253 S. W. 156; Cardinale v. Kemp (Mo. Sup., July 1, 1925), 274 S. W. 448; Fuchs v. St. Louis, 167 Mo. 620; Ewing v. Goode (Ohio), 78 Fed. 442. (4) Malpractice against a dentist is founded in failure to exercise the requisite degree of care and skill as a result of which damage to the plaintiff is occasioned. In such action, therefore, the plaintiff must prove affirmatively, by substantial evidence, first that the requisite degree of care and skill was not exercised, and secondly that such failure was the proximate cause of plaintiff's injury or damage. Nevinger v. Haun (Mo. App.), 196 S. W. 42; Pate v. Dumbauld (Mo. Sup.), 250 S. W. 52, 53; Wilt v. McCallum (Mo. App.), 253 S. W. 156; McGrath v. St. L. T. Co., 197 Mo. 104; Ewing v. Goode (Ohio), 78 Fed. 442; Spain v. Burch, 169 Mo. App. 94; Connelly v. Cone, 224 S. W. 1012. (5) In an action of medical or dental malpractice, involving as it does, the knowledge of the care and skill of such practitioners and a knowledge of the respective sciences, the court and jury, in such an action, must be guided wholly and solely by the expert evidence in so far as it relates to the question of defendant's failure to exercise care and skill and whether such failure, if any, resulted proximately in injury or damage to the plaintiff. Connelly v. Cone, 224 S. W. 1011; Spain v. Burch, 169 Mo. App. 109; Gabbert v. Evans, 184 Mo. App. 293; Ency. Evidence, par. b, page 152, par. i, page 168; McGraw v. Kerr (Colo.), 128 Pac. 870; Kline v. Nicholson (Ia.), 130 N. W. 722; Adolay v. Miller (Ind.), 111 N. E. 313; Ewing v. Goode (Ohio), 78 Fed. 442; Cooley on Torts (3 Ed.), sec. 777, 1386; 6 Corpus Juris, sec. 226, Note 42. (6) Plaintiff, in an action for alleged malpractice, having the burden of proving affirmatively and by substantial evidence the failure to exercise the requisite care and skill on the part of defendant and that the injury or damage proximately resulted therefrom, must prove such failure and proximate result by the evidence of witnesses qualified to speak upon such questions, that is by those versed and acquainted with the standard of care and skill. Proof of medical or dental malpractice is only made by medical or dental expert evidence, and lay evidence is incompetent on such questions. Gottschall v. Geiger (Mo. App.), 231 S. W. 95, citing the following cases: Moore v. St. Louis Transit Co., 226 Mo. 689, 705; Farrell v. Haze (Mich.), 122 N. W. 197; McGraw v. Kerr (Colo.), 128 Pac. 870, 873; Adolay v. Miller (Ind.), 111 N. E. 313, 315; Getchell v. Hill (Minn.), 21 Minn. 464, 465; Pettigrew v. Lewis (Kan.), 26 Pac. 458; Ball v. Skinner

(Ia.), 111 N. W. 1022; Spaulding v. Bliss (Mich.), 47 N. W. 210; Ewing v. Goode (C. C.), 78 Fed. 442. (7) A theory cannot be said to be established in a civil case unless the facts relied upon are of such a nature and are so related to each other that it is the only conclusion that can fairly or reasonably be drawn from them. Where, in an action based upon medical or dental malpractice the evidence is equally as consistent with no negligence as with negligence, then the proof is, as a matter of law, insufficient to establish the malpractice charge, and the court should direct a verdict for the defendant. Nevinger v. Haun (Mo.), 196 S. W. 39; Hunter v. Burroughs (Va.), 96 S. E. 360; Hopkins v. Heller (Cal.), 210 Pac. 975; Yaggle v. Allen, 48 N. Y. S. 827; Honaker v. Whitley (Va.), 97 S. E. 808; Ewing v. Goode (Ohio), 78 Fed. 442; Matuschka v. Murphy (Wisc.), 180 N. W. 821; Coombs v. James (Wash.), 144 Pac. 536; Note: 4 A. L. R. 1556; 9 A. L. R. 1315. (8) Plaintiff charged defendant with negligence, or lack of care and skill as a result of which her jaw, on September 6, 1921 was dislocated, and that defendant was negligent or did not exercise reasonable care and skill as a result of which the said dislocation was not discovered and treated. There being no competent evidence sustaining either averment, defendant's demurrer at the close of the case should have been sustained. Nevinger v. Haun (Mo. App.), 196 S. W. 39; Davis v. Spicer, 27 Mo. App. 279; Faucette v. Grim (Mo. App.), 186 S. W. 1177; Pate v. Dumbauld (Mo.), 250 S. W. 49; Spain v. Burch (Mo. App.), 154 S. W. 172; Holstapple v. Schofield (Wisc.), 187 N. W. 682; Hopkins v. Heller (Cal.), 210 Pac. 975; Robbins v. Nathan, 179 N. Y. S. 281; Friend v. Kramer (Pa.), 85 Atl. 12; Matuschka v. Murphy (Wisc.), 180 N. W. 821; Honaker v. Whitley (Va.), 97 S. E. 808. (9) Where the burden is on the plaintiff to show that defendant on account of his failure to exercise care and skill dislocated plaintiff's jaw, and that he likewise failed to discover and treat same, and where defendant's evidence controverts the charge which evidence is uncontradicted, the jury is not at liberty to disbelieve defendant's evidence and take such disbelief as supplying the lack of affirmative evidence required of plaintiff. Nevinger v. Haun (Mo. App.), 196 S. W. 39; Spain v. Burch (Mo. App.), 154 S. W. 172; Faucette v. Grim (Mo. App.), 186 S. W. 1177. (10) Where a case of malpractice is bottomed on defendant's failure to exercise care and skill as a result of which the plaintiff's jaw is dislocated it is prejudicial error to permit the plaintiff in said action to testify that her jaw was dislocated, as such evidence plainly invades the province of the jury. The witness cannot be substituted for the jury. Johnson v. Powell (Kansas), 123 Pac. 881; Spaulding v. Bliss (Mich.), 47 N. W. 210; Cook v. Coleman (W. Va.), 111 S. E. 750; Gulf Co. v. Sullivan (Tex.), 190 S. W. 739; Adams v. Junger (Iowa), 139 N. W. 1096.

*Howard Gray, A. E. Elliott* and *W. H. Hallett* for respondent.

(1) Defendant's demurrer to the plaintiff's evidence was properly overruled. Wise v. Railroad, 135 Mo. App. 230; Hill v. Jackson, 265 S. W. 859; Hill v. Jackson, 272 S. W. 108. (2) The issue of the defendant's negligence in dislocating the plaintiff's jaw was for the jury. Hill v. Jackson, 265 S. W. 859; Hill v. Jackson, 272 S. W. 108. (3) The plaintiff was a competent witness to testify that the defendant dislocated her jaw. Wise v. Railroad, 135 Mo. App. 230; Hill v. Jackson, 265 S. W. 859. (4) Instructions numbered 1, 2, 3, 4 and 5, given at the request of the plaintiff, properly declared the law as applicable to the facts in evidence. (5) Defendant's instruction lettered "A" was properly refused. Hill v. Jackson, 272 S. W. 108. (6) The question whether a particular act of negligence was the proximate cause of the injury, in other words, the causal connection, is usually a matter of inference from others facts, the determination of which is for the jury. Sharp v. Railway Co., 213 Mo. 531; McDonald v. Railroad, 216 Mo. 480-483; Eichholz v. Poe, 217 S. W. 284. (7) "Mental anguish," for which a recovery may be had in an action for personal injuries, includes the mental sensation of pain resulting from the injury and also the purely mental suffering experienced by the injured person in contemplating his crippled condition and brooding over his future prospects. McMahon v. Kansas City Rys. Co., 233 S. W. 64; Railway Co. v. Miller, 61 S. W. 978; 5 Words and Phrases, (1 Ed.), page 447. (8) The matter of the appointment of physicians to make a physical examination of the plaintiff was within the court's discretion. Graham v. Sly, 177 Mo. App. 353; Sidekum v. Railway Co., 93 Mo. 403; Atkinson v. United Rys. Co., 228 S. W. 485. (9) The affidavit of a juror is incompetent to impeach the verdict of the jury. Hoffman v. Dunham, 202 S. W. 431. (10) It was not error for the court to refuse to inquire of the jurors whether they, or any of them, had read or seen the newspaper articles referring to the case while the trial was in progress. Copeland v. Wabash Ry. Co., 175 Mo. 678-684.

BRADLEY, J.—This is an action against a dentist for malpractice. The cause was filed in Vernon county, but the venue was changed to Jasper county where plaintiff recovered and defendant appealed.

It is alleged that while extracting plaintiff's teeth defendant negligently dislocated her jaw and negligently failed to discover that he had done so and negligently failed to replace and reset it and failed to advise plaintiff that her jaw was dislocated. The answer is a general denial and a plea of contributory negligence. The reply is a general denial.

August 8, 1921, plaintiff consulted defendant about her teeth. He advised that they be extracted and on that date he extracted the upper teeth. September 6th thereafter he extracted the lower teeth, and while doing so plaintiff claims that her jaw was dislocated. This cause has twice been before the Kansas City Court of Appeals. [See Hill v. Jackson, 218 Mo. App. 210, 265 S. W. 859, and Hill v. Jackson, 272 S. W. 105.] The general scope of the cause is covered in the statements in the opinions referred to, and it will not be necessary to make a general statement here. Such additional facts as may be necessary we shall state in the course of the opinion.

Defendant assigns error (1) on the refusal of his demurrer at the close of the case; (2) on the admission of evidence; (3) on the refusal of the court to permit the interrogation of the jury relative to two articles that appeared in a newspaper in Jasper county while the trial was in progress; (4) on plaintiff's instructions; and (5) on the refusal of defendant's instruction A.

The Kansas City Court of Appeals has twice ruled the assignment based on the demurrer against defendant. Plaintiff's case on the facts here is as strong as in either of the previous cases. When measured by a demurrer there is no argument to support this assignment. An appellate court is not the judge of the weight of the evidence. That province is for the trier or triers of the facts. We could add nothing that would be of consequence by further considering the demurrer. We think that it was properly refused.

The evidence complained of is the statement of plaintiff that defendant dislocated her jaw. The objection made was that plaintiff was not competent to answer the question as to the dislocation; that such question was "a matter for expert testimony and she is not qualified as an expert." The Kansas City Court of Appeals ruled this assignment against defendant (Hill v. Jackson, 265 S. W. l. c. 860), and we agree with that ruling. We ruled to the same effect on a similar question in Seewald v. Gentry, 286 S. W. 445, l. c. 452. In addition to the objection that plaintiff was not competent to testify that her jaw was dislocated defendant made the further objection that such evidence was a mere conclusion. To hold that such evidence is a conclusion would, we think, be substantially equivalent to holding that plaintiff could not testify that her jaw was dislocated because she was not qualified to speak as an expert. Such evidence, we think, should be considered in the nature of a statement of a fact within the knowledge of plaintiff. [City of St. Louis v. McCully Const. Co., 184 S. W. (Mo. App.) 939.]

The facts respecting the newspaper incident are about these. On the morning of the second day of the trial the Joplin Globe, a newspaper in Jasper county of general circulation, carried a news item about this cause. The news item stated that the petition charged

that "the dentist dislocated Mrs. Hill's jaw while extracting the teeth and since that time she has been unable to eat solid food." It also recited that the trial then in progress was "the third time the suit had been tried," and gave what purported to be the amount of each previous verdict, to-wit, $1500 and $1525. On the morning that this news item appeared counsel for defendant asked permission to interrogate the jury to ascertain if any of them had read the article, and if so would they be influenced by having read that two previous juries had found for plaintiff. Counsel for plaintiff objected to getting before the jury that part of the article which gave the amount of each of the previous verdicts, but made no objection to any inquiry so that the amounts were not disclosed. The court ruled that no necessity had arisen to make such inquiry. When the court adjourned on the second day of the trial the jury was specially instructed not to read any newspaper accounts concerning the case, and to keep their minds free and not make up their minds until they retired to the jury room. On the morning of the third day of the trial another similar article appeared in the Joplin Globe wherein the two previous trials were mentioned and the amount of the verdicts returned. Defendant's counsel again asked to interrogate the jury as in the first instance. Counsel for plaintiff made no objection to the court making any inquiry desired, but mentioned the fact of the special instructions about not reading newspaper accounts of the case, and suggested that there was nothing before the court tending to show that the jury had disregarded the instructions. The court again ruled that no occasion had arisen for such inquiry. Defendant filed with his motion for a new trial the affidavits of two of the trial jurors to the effect that the news items above mentioned were discussed in the jury room and that said news items did influence the jury in returning a verdict for plaintiff.

According to the affidavits defendant was prejudiced by the newspaper articles, but, under the facts, it is one of those instances where there is no remedy except in the trial court. The affidavits of the jurors are not competent to impeach their verdict. Defendant made no offering when his request to interrogate the jury was refused. We considered a similar question in Bank of Malden v. Stokes, 280 S. W. 1055, and there said:

"Because of the protection which the law gives to the manner by which a jury reaches a verdict, the injured party, when misconduct on the part of the jury occurs, is most frequently without a remedy. In instances where grave misconduct on the part of the jury or jurors has occurred, and the losing party has been, because thereof, deprived of a fair and impartial trial, and is, because of the barriers, unable to establish for appellate review the fact of misconduct, we think, in such cases, the trial court should exercise the

great discretion it has and, *ex necessitate rei*, grant a new trial on the weight of the evidence if no better reason can be found. To grant relief as suggested in such cases would always be within the power of the trial court, and would be in accord with sound reason and substantial justice.''

Defendant challenges plaintiff's instructions 1, 2, 3, 4, and 5. We do not think it necessary to enter upon a discussion of the instructions given. The court gave five for plaintiff and eight for defendant. There is no support for the contention that there is error in plaintiff's instructions. The issues were clearly and fairly submitted.

Defendant complains because of the refusal of his instruction A which is as follows:

''The court instructs the jury that plaintiff has failed to prove any negligence whatever upon the part of the defendant in the extraction of plaintiff's teeth, and that the acts done, and means used, by defendant in the extraction of said teeth, under the evidence in this case, were such as any reasonably prudent and skilful dentist might have done or used. Therefore, even though you may find that plaintiff's jaw was dislocated by defendant, plaintiff cannot recover any damages herein due to the dislocation alone; but before plaintiff is entitled to recover in this case, it must be proven not only that her jaw was dislocated by defendant, but also that defendant was negligent in failing to discover and treat said dislocation, if any, and unless you so find, your verdict must be for defendant.''

It is contended that there was no substantial evidence that defendant was negligent in the extraction of plaintiff's teeth. This same point in principle was before the Kansas City Court of Appeals when this cause was last before that court. [See Hill v. Jackson, 272 S. W. l. c. 108.] There the court said that there was affirmative evidence in the second trial that defendant was negligent in dislocating plaintiff's jaw and quoted from the record. The same character of evidence is here. There was no error in refusing instruction A.

Other questions are raised under points and authorities in the able and extensive brief of defendant, but there are no reversible errors. The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.