# OCTOBER, 1927.

GRANT CALKINS, RESPONDENT, v. CHARLOTTE ENGLE, ET AL., APPELLANTS.*

Kansas City Court of Appeals. November 7, 1927.

1174

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 881, p. 978, n. 38; 4CJ, section 2066, p. 387, n. 33; section 2088, p. 406, n. 85; section 2297, p. 521, n. 72; section 2350, p. 549, n. 2; section 2662, p. 731, n. 81; p. 732, n. 86; section 2751, p. 795, n. 94; section 2830, p. 844, n. 66; section 2836, p. 858, n. 3; Assault and Battery, 5CJ, section 163, p. 705, n. 40; Costs, 15CJ, section 666, p. 270, n. 25; Courts, 15CJ, section 308, p. 920, n. 8; Master and Servant, 39CJ, section 1506, p. 1306, n. 10.

*A. M. Tibbels, Ed Keslo* and *Dubois & Miller* for respondent.

*Frank Petree, O. B. Hudson* and *John Ewing* for appellants.

WILLIAMS, C.—This is an action for damages for an assault. The verdict was for $1000 actual damages and $6500 punitive damages, a total recovery of $7500.

The suit was brought against Charlotte Engle, Jack Engle and Alfred Deardorff. The evidence shows that the respondent was a comparatively small man, sixty-one years of age. There had been some business relations between plaintiff's son, Beryl Calkins, and Lottie Engle, the wife of defendant, Jack Engle. Hard feeling developed between plaintiff and the defendants. The defendant Deardorff was employed by the Engles as a farm hand. Beryl Calkins, son of the plaintiff, went upon the Engle farm to gather corn which, the evidence shows, belonged to him. At that time he found a gate wired that he had been using, and had some words with Deardorff, the man hired by defendant.

On or about November 12, 1925, Beryl Calkins was gathering corn and his father assisting him. At that time Lottie Engle, Jack Engle and the appellants came out into the field and there was a dispute.

Thereafter on December 2, 1925, Jessie Engle and the appellants came upon respondent, and after some words there was an assault upon the respondent, Grant Calkins.

The evidence shows that the respondent was badly beaten with clubs or sticks, and his injuries were severe and permanent.

While there was evidence on the part of appellants which controverted these facts, still after the jury has passed upon the question, this court is precluded by that finding. [Boyles v. Burnett, 249 S. W. 719, 213 Mo. App. 288.]

At the very threshold of this case we are met with the proposition advanced by respondent that the motion for a new trial is so general that there is nothing before this court for review.

The latest decision upon this question seems to be Bobos v. Krey Packing Co., 296 S. W. 1. c. 159, in which the court said:

"It is said that this assignment is so indefinite that there is nothing before this court for review. 'A motion for a new trial which contains no reference (either general or specific) to the error complained of, is not sufficient; but it is sufficient to make a general assignment of error in the motion, both as to the reception and exclusion of evidence, and the giving and refusal of instructions.' [Wampler v. Railroad, 269 Mo. 464, 465, 190 S. W. 908.]

"Such is the firmly settled rule so far as civil cases are concerned. 'The question is not an open question here, and has not been since the Wampler case.' [State ex rel. v. Ellison, 282 Mo. 660, 662, 222 S. W. 783.] A different rule obtains in criminal cases, it seems, because of a recently enacted statute. [State v. Standifer (Mo.), 289 S. W. 856.] Respondent's contention under this head is disallowed."

This ruling, of course, is conclusive upon us, and in line with that case we hold that the motion for a new trial was definite enough to present the matters contained therein for review.

The second proposition raised by the respondent is that the abstract of the record filed by appellant is not complete. In order to show that the abstract of appellant is not complete, the respondent has filed an additional abstract. In his additional abstract he sets out some additional evidence introduced in the case, but declines to furnish a complete abstract. In respondent's abstract it is shown that the appellant has filed here a very incomplete abstract of the evidence.

Almost at the outset of the judicial history of this State it was held that the decisions of a court of competent jurisdiction were presumed to be well founded, and that facts without proof, of which the verdict could not have been found, were presumed to have been proven at the trial. Where a judgment is reviewed on appeal, it is prima facie to be considered a right decision. The *onus pro bandi* lies on the appealing party to show that the verdict is wrong. [Riney v. Valandingham, 9 Mo. 807.]

It is the duty in the first instance of the appellant to see that a complete abstract is furnished to the appellate court. [Vaughan v. Ry. Co., 34 Mo. App. 141.]

It seems under the authority that there are two courses open to the respondent when the appellant has not furnished a complete abstract. One is, to furnish all the evidence himself, which he has a right to do. This right is given him by Rule 15 of this court.

There is, however, another way in which the respondent may treat the matter, if the abstract filed by the appellant, does not show upon its face, that it is incomplete, respondent may file an additional abstract showing that the abstract of appellant is incomplete, and at the same time decline to furnish a complete abstract. This latter course seems to have been followed in the case of Dixon v. Thomas, 91 Mo. App. 364, cited with approval in Craven v. Midland Milling Co., 228 S. W. 513. [Smith v. Wilson, 296 S. W. 1039, and Gorka v. Gorka, decided by the Kansas City Court of Appeals on June 6, 1927, not yet officially reported.]

Appellant makes the point that Rule 15 of this court requires the respondent to set out all the evidence omitted from appellant's abstract. As pointed out, respondent has a right to adopt this means but to compel him to do so would be to run counter to every reported case where a situation such as presented by this record has arisen. By adopting the construction of the rule contended for by appellant the burden would be on the respondent to maintain his judgment. The expenses incident to the printing of the record, is not, by law, thrown upon the respondent. It is contended that the case of Bank of Tipton v. Davidson, 40 Mo. 421, announces the rule that the appellate court will not go back of the abstracts. This is the rule and by an examination of the abstracts in this case it appears that testimony has been left out.

In discussing the question presented by respondent, we will consider them in the light of the rule so lately set out by this court in Smith v. Wilson, supra, and Gorka v. Gorka, supra, that is, we will assume that the matters omitted from the abstract would show the situation in the most favorable light as to the respondent.

The first assignment is that the court erred in admitting the evidence of what Jack Engle said about getting a gun and shooting defendant. Applying the rule as announced by the above cases, we will have to assume that the evidence omitted from the abstract made this statement competent. The same answer may be made as to evidence of threats by Deardorff. The same may be said of point 5 as to the examination of Jack Engle, as to his testimony at the preliminary hearing.

It is very earnestly contended that the court erred in refusing to permit appellant to prove there was no conspiracy between the defendants. However, we are unable to pass upon that point by reason of the insufficiency of the abstract.

The complaint as to the examination of the doctors in connection with the X-ray pictures seems to be fully answered by the case of Deau v. Railway, 229 Mo. 446.

It is next contended that the court erred in submitting punitive damages as against all the defendants. Since the case of Maniaci

v. Interurban Express Co., 182 S. W. 981, it has not been an open question in this State, but what the master may be held for malicious assaults committed within or without the presence of the master. This case was lately followed in the case of Hinson v. Morris et al., case 16043, decided at the March Term, 1927, K. C. Court of Appeals, not yet officially reported.

We rule this point against the appellant.

It is next contended that the verdict for punitive damages is excessive. It may be that if all the evidence was before this court it would show that the verdict for punitive damages is excessive. However, in the case of Sperry v. Hurd, 267 Mo. 642, the Supreme Court said: "A review of the many cases awarding exemplary damages discloses that a hard and fast rule for the measuring of such damages cannot be declared. Each case turns, more or less, upon its own peculiar facts, the character and standing of the parties, the malice with which the act was done and the financial condition of the defendants, are elements which should be taken into consideration in awarding damages of this kind."

In the case of Lamphert v. Drug Co., 238 Mo. 409, the award of punitive and actual damages were disproportionate. That case was affirmed. Custer v. Kroeger, 240 S. W. 241, a judgment of $250 actual and $1250 punitive, was affirmed.

So many elements may be taken into consideration by the jury in assessing punitive damages that this court would not be justified, in the absence of all the evidence, in attempting to review that question.

Again as said in the case of McGraw v. O'Neil, 123 Mo. App. 691: "Presumption is strongly in favor of the right action of the jury and that any excess in the verdict is the result of honest mistake; and where the verdict has received the sanction of the trial court it is attended with the further presumption that the judge exercised his discretion soundly and saw nothing to convince him of passion or prejudice."

Indulging in the presumption of the right action on the part of the jury and the trial judge, we must decline to interfere with the size of the verdict.

We are asked by the respondent to hold that the verdict is against the weight of the evidence. The appellate court cannot weigh the evidence in an action at law. [Markowitz v. Markowitz, 290 S. W. 119.] The weight of the evidence is for the trier of the fact and not the appellate court. [Hill v. Jackson, 290 S. W. 1012.]

Complaint is made of the instructions. Without all the evidence before us, we cannot hold that the circuit judge did not give cor-

rect instructions, and at the same time indulge the presumption as to the correct action of the trial judge.

Judgment affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.